# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GEORGE HENDY,<br><br>PLAINTIFF,<br><br>v.<br><br>UNITED AIRLINES, INC.; AND,<br>DOES 1 THROUGH 25, INCLUSIVE,<br><br>DEFENDANTS, | CASE NO.:<br><br><br><u>COMPLAINT</u><br><br><br><u>JURY TRIAL DEMANDED</u> |

Plaintiff George Hendy ("Mr. Hendy" or "Plaintiff") for his complaint against defendants United Airlines, Inc. ("United") and DOES 1-25 alleges as follows:

## NATURE OF ACTION

1.  Mr. Hendy, who is Black and of African descent, was employed by Defendant at Newark Liberty International Airport ("EWR" or "Newark") from August 2021 to March 2023.

2.  Plaintiff served as the Director, Airport Operations – Ramp Service at Newark.

3.  Plaintiff is a highly experienced and dedicated employee who has consistently shown exemplary performance in the commercial airline field.

4.     Following his transfer to Newark, Plaintiff was subjected to discrimination and harassment based on his race. After making complaints, Plaintiff was told to resign or accept a transfer to Chicago.

5.     Despite Plaintiff's various complaints about racial discrimination, harassment, lack of opportunities provided to him as a Black employee, and other unlawful conduct – United has taken no corrective action against racial discrimination, harassment, or against any individuals reported for discriminatory or harassing conduct.  Instead, United has condoned and acquiesced in the unlawful conduct toward Plaintiff, allowed retaliation against Plaintiff, and transferred Plaintiff after his reporting of unlawful conduct.

6.     Plaintiff brings this lawsuit against United to recover all equitable and monetary relief available under the law – including economic, compensatory and punitive damages, as well as interest, attorneys' fees and costs – for race discrimination and retaliation in violation of 42 U.S.C. § 1981 ("§ 1981"), Title VII of the Civil Rights Act of 1964 ("Title VII"), the New Jersey Conscientious Employee Protection Act ("CEPA"), and the New Jersey Law Against Discrimination ("LAD").

## THE PARTIES

7.     Plaintiff resided in Vauxhall, New Jersey at all times material hereto.

8.     United operates a globally-recognized commercial airline.

9. United operates a corporate office in Newark, New Jersey

10. At all times material hereto, United has been Plaintiff's "employer" within the meaning of Title VII, the CEPA, and the LAD.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. On October 14, 2022, Plaintiff submitted a charge of racial discrimination and retaliation with the Equal Employment Opportunity Commission (EEOC) against United.

12. On June 7, 2023, the EEOC issued a Determination and Notice of Rights, so that he could file this lawsuit with this Court under Title VII. This lawsuit has been filed within 90 days after the EEOC issued the Determination and Notice of Rights.

## JURISDICTION AND VENUE

13. The causes of action which form the basis for this lawsuit arise under 42 U.S.C. § 1981, Title VII, the CEPA, and the LAD.

14. This Court has jurisdiction over Plaintiffs' § 1981 and Title VII claims pursuant to 28 U.S.C. § 1331, and the Court may exercise supplemental jurisdiction over the claims under the CEPA and the LAD, pursuant to 28 U.S.C. § 1367.

15. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, including the

unlawful employment practices and conduct set forth herein, occurred in this District.

## FACTUAL ALLEGATIONS

16.  Mr. Hendy has been a long-time employee of United. Mr. Hendy has worked at various United hubs since 2008.

17.  On August 16, 2021, Mr. Hendy was transferred to Newark as the Director of Airport Operations – Ramp Services for United. Operations was in shambles following the COVID-19 pandemic.

18.  Mr. Hendy performed very well in his position and increased the operations department's Turn Compliance Index (TCI) score from the low-40s to the mid-70s. Mr. Hendy frequently worked 16+ hour days, seeking to stabilize United's operations at Newark.

19.  In December 2021, Mr. Hendy offered an explanation concerning an ongoing issue to his supervisor, Louis Smilanich. Smilanich sought out confirmation of the accuracy of Mr. Hendy's explanation by speaking to a white employee. Smilanich then told Mr. Hendy "well if it ain't white, it ain't right."

20.  Mr. Hendy was offended by Smilanich's comment, but continued to focus on his work at Newark.

21.  On April 14, 2022, Smilanich, suddenly asked Mr. Hendy to join him for a one-on-one meeting with Cathy Innocenti from Human Resources.

22. In the meeting, Smilanich read Mr. Hendy a Letter of Expectations ("LOE"), which claimed he was not meeting expectations in his role. Mr. Hendy was shocked and explained that he had been working hard to better the department's performance.

23. After Mr. Hendy requested a copy of the LOE, Smilanich stated that he could not provide a copy "in case this ends up in court."

24. On April 21, 2022, Mr. Hendy reported the unwarranted LOE to United's Executive Vice President of Human Resources and Labor Relations Kate Gebo.

25. The directive to issue Mr. Hendy an unwarranted LOE came from Rodney Cox, who Mr. Hendy had previously interacted with.

26. Cox was a United leader previously stationed at Dulles International Airport. Cox was a close friend of Bill Watts.

27. In May 2018, Watts commented on a promotion earned by Mr. Hendy, stating that he was only promoted because he is Black.

28. Mr. Hendy took offense to Watts' comment and reported it to United's Chief Operating Officer. Mr. Hendy, seeking to resolve the situation, agreed to speak to Watts about the comment.

29. Mr. Hendy spoke to Watts about his statement that Mr. Hendy was only promoted due to his race. Watts admitted to making the comment.

30. Following this, Cox began treating Mr. Hendy in a negative manner. Cox would ignore Mr. Hendy at events. Cox had a history of treating the few Black leaders at United adversely. Cox would hold staff meetings and not invite or include Mr. Hendy.

31. At a staff meeting, when Mr. Hendy was speaking about a challenge he was experiencing, Cox suddenly threw a stress ball and hit Mr. Hendy. Mr. Hendy, as well as other employees in the room, were shocked and alarmed. The Human Resources Director, Innocenti, was present and attempted to protect Cox, explaining that he "didn't mean to hit you [Mr. Hendy], he meant to hit Leroy." Cox then stated "no, I meant to hit George [Hendy]."

32. Another employee reported this incident and Mr. Hendy was interviewed on June 27, 2022 by Human Resources Director Beth Nettles Mr. Hendy provided information about the discrimination by Watts and retaliation and discrimination by Cox. Despite this, Human Resources informed Mr. Hendy that the matter was resolved and handled appropriately.

33. In September 2022, Mr. Hendy sought to address the discrimination and harassment with Innocenti, Smilanich, and Cox. Mr. Hendy recounted his experiences in multiple emails to the three.

34. On October 7, 2022, Mr. Hendy was interviewed for the Managing Director of Airport Operations – Ramp Services position at Newark. The

individuals conducting the interview included Watts, who Mr. Hendy has previously confronted about his racist comment.

35. Prior to the interview, Mr. Hendy spoke to a colleague, Bob Hanselmann, who informed him that Watts had told him that there was "no way George [Hendy] will be the managing director."

36. Despite his experience, credentials, and performance in the interview, Mr. Hendy was not selected for the role as Managing Director. Mr. Hendy was instead informed that a white man would be hired as a second Director of Operations – Ramp Services. Mr. Hendy was told that this candidate would be later promoted to the Managing Director position. This was a prime example of the systematic racism present at United.

37. On November 29, 2022, Mr. Hendy contacted Garrison Phillips and sought a "status update" about the multiple reports he had submitted citing to harassment and discrimination.

38. On multiple occasions, Senior Vice President Mike Hanna told Plaintiff that he too had been a victim of discrimination. Despite this, instead of investigating Mr. Hendy's complaints, Hanna pushed Mr. Hendy to leave Newark and stated he would assist him with his departure.

39. Mr. Hendy was eventually offered to either resign or continue working for United in Chicago by SVP Hanna and Human Resources Managing

Director Marcel Delhommeau. Mr. Hendy agreed to relocate to Chicago and began his position there on March 7, 2023.

40. Upon his arrival in Chicago, Mr. Hendy's new supervisor stated "I don't know what happened with you and Newark, I'm looking for the old George Hendy."

41. Mr. Hendy has applied for numerous positions within United for which he is highly qualified for and would be considered a top candidate. Despite this, Mr. Hendy has not received interview offers.

42. The inexplicable conduct described above, which is egregious and was condoned by Defendants, demonstrates a willful and reckless disregard for Plaintiff's rights, and has caused and will continue to cause him humiliation, embarrassment, physical illness, pain and suffering, as well as damage to his reputation and career.

## FIRST CAUSE OF ACTION

### (Race Discrimination Under 42 U.S.C. § 1981)

43. Plaintiff incorporates herein by reference each and every allegation in the preceding paragraphs, as if set forth herein in their entirety.

44. As described above, Defendants' employment decisions and harassing conduct concerning Plaintiff, are based on his race, in a violation of 42 U.S.C. § 1981.

45. United was aware or should have been aware of the conduct alleged herein by its decision-makers, but failed to take appropriate action in response thereto, and thus is liable under § 1981 for the unlawful conduct toward Plaintiff.

46. As a direct and proximate result of Defendants' unlawful conduct toward Plaintiff in violation of § 1981, he has sustained the injuries, damages and losses set forth herein and has incurred attorneys' fees and costs.

47. Defendants' conduct was willful, wanton and demonstrated a conscious disregard for Plaintiff's rights under § 1981, and this conduct warrants the imposition of punitive damages.

48. Plaintiffs is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' unlawful conduct unless and until this Court grants the relief requested herein.

## SECOND CAUSE OF ACTION

### (Retaliation Under 42 U.S.C. § 1981)

49. Plaintiff incorporates herein by reference each and every allegation in the preceding paragraphs, as if set forth herein in their entirety.

50. As described above, United has retaliated against Plaintiff for his complaints about race discrimination.

51. United was aware or should have been aware of the conduct alleged herein by its decision-makers, but failed to take appropriate action in response thereto, and thus is liable under § 1981 for the unlawful conduct toward Plaintiff.

52. As a direct and proximate result of Defendants' unlawful retaliation toward Plaintiff in violation of § 1981, he has sustained the injuries, damages and losses set forth herein and has incurred attorneys' fees and costs.

53. Defendants' conduct was willful, wanton and demonstrated a conscious disregard for Plaintiff's rights under § 1981, and this conduct warrants the imposition of punitive damages.

54. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' unlawful conduct unless and until this Court grants the relief requested herein.

## THIRD CAUSE OF ACTION

### (Race Discrimination Under Title VII)

55. Plaintiffs incorporates herein by reference each and every allegation in the preceding paragraphs, as if set forth herein in their entirety.

56. As described above, Defendants' employment decisions and harassing conduct concerning Plaintiff is based on his race, in a violation of Title VII.

57. United was aware or should have been aware of the conduct alleged herein by its decision-makers, but failed to take appropriate action in response thereto, and thus is liable under Title VII for the unlawful conduct toward Plaintiff.

58. As a direct and proximate result of Defendants' unlawful conduct toward Plaintiff in violation of Title VII, he has sustained the injuries, damages and losses set forth herein and has incurred attorneys' fees and costs.

59. Defendants' conduct was willful, wanton and demonstrated a conscious disregard for Plaintiff's rights under Title VII, and this conduct warrants the imposition of punitive damages.

60. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' unlawful conduct unless and until this Court grants the relief requested herein.

## **FOURTH CAUSE OF ACTION**

### **(Retaliation Under Title VII)**

61. Plaintiff incorporates herein by reference each and every allegation in the preceding paragraphs, as if set forth herein in their entirety.

62. As described above, United has retaliated against Plaintiff for her complaints about race discrimination.

63. United was aware or should have been aware of the conduct alleged herein by its decision-makers, but failed to take appropriate action in response thereto, and thus is liable under Title VII for the unlawful conduct toward Plaintiff.

64. As a direct and proximate result of Defendants' unlawful retaliation towards Plaintiff in violation of Title VII, he has sustained the injuries, damages and losses set forth herein and has incurred attorneys' fees and costs.

65. Defendants' conduct was willful, wanton and demonstrated a conscious disregard for Plaintiff's rights under Title VII, and this conduct warrants the imposition of punitive damages.

66. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' unlawful conduct unless and until this Court grants the relief requested herein.

## FIFTH CAUSE OF ACTION

(Retaliation in Violation of the New Jersey Conscientious Employee

Protection Act)

67. Plaintiff incorporates herein by reference each and every allegation in the preceding paragraphs, as if set forth herein in their entirety.

68. As described above, United retaliated against Plaintiff for his complaints about race discrimination and harassment.

69. United was aware or should have been aware of the conduct alleged herein by its decision-makers, but failed to take appropriate action in response thereto, and is thus liable under CEPA for the unlawful conduct towards Plaintiff.

70. As a direct and proximate result of United's unlawful retaliation toward Plaintiff in violation of CEPA, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorneys' fees and costs.

71. United's conduct was willful, wanton and demonstrated a conscious disregard for Plaintiff's rights under CEPA, and this conduct warrants the imposition of punitive damages.

72. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of United's unlawful conduct unless and until this Court grants the relief requested herein.

## SIXTH CAUSE OF ACTION

(Race Discrimination and Harassment in Violation of the New Jersey Law Against Discrimination)

73. Plaintiff incorporates herein by reference each and every allegation in the preceding paragraphs, as if set forth herein in their entirety.

74. As described above, Plaintiff's race played a role in United's employment decisions and harassing conduct concerning Plaintiff, in violation of the LAD.

75. United was aware or should have been aware of the conduct alleged herein by its decision-makers, but failed to take appropriate action in response thereto, and thus is liable under the LAD for the unlawful conduct towards Plaintiff.

76. As a direct and proximate result of United's unlawful conduct towards Plaintiff in violation of the LAD, Plaintiff has sustained the injuries, damages and losses set forth herein and has incurred attorneys' fees and costs.

77. United's conduct was willful, wanton, and demonstrated a conscious disregard of Plaintiff's rights under the LAD, and this conduct warrants the imposition of punitive damages.

78. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of United's unlawful conduct unless and until this Court grants the relief requested herein.

## SEVENTH CAUSE OF ACTION

(Retaliation in Violation of the New Jersey Law Against Discrimination)

79. Plaintiff incorporates herein by reference each and every allegation in the preceding paragraphs, as if set forth herein in their entirety.

80. As described above, United retaliated against Plaintiff for his complaints about race discrimination.

81. United was aware or should have been aware of the conduct alleged herein by its decision-makers, but failed to take appropriate action in response thereto, and thus is liable under the LAD for the unlawful conduct towards Plaintiff.

82. As a direct and proximate result of United's unlawful retaliation towards Plaintiff in violation of the LAD, Plaintiff has sustained the injuries, damages and losses set forth herein and has incurred attorneys' fees and costs.

83. United's conduct was willful, wanton, and demonstrated a conscious disregard of Plaintiff's rights under the LAD, and this conduct warrants the imposition of punitive damages.

84. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of United's unlawful conduct unless and until this Court grants the relief requested herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter judgment in their favor and against United Airlines, Inc., and DOES 1-25, and grant to them the following relief:

A. A declaratory judgment that the actions, conduct and practices of United complained of herein violate 42 U.S.C. § 1981, Title VII, the CEPA, and the LAD;

B. An award for all economic damages to be determined at trial, plus pre- judgment interest, to compensate Plaintiff for the unlawful conduct;

C. An award for all compensatory damages to be determined at trial, plus pre- judgment interest, to compensate Plaintiff for any future pecuniary losses, and his emotional distress, pain, suffering, inconvenience, mental anguish, stress, anxiety, humiliation, embarrassment, loss of enjoyment of life, physical illness and other nonpecuniary losses as allowable;

D. An award for punitive damages under 42 U.S.C. § 1981, Title VII, the CEPA, and the LAD in an amount to be determined at trial;

E. An award for the costs incurred in this lawsuit, together with reasonable attorneys' fees; and

F. An award for such other and further relief as this Court deems appropriate.

///

///

///

///

///

///

///

## JURY DEMAND

Plaintiff demands a trial by jury on all issues of fact, their claims, and damages herein.

**I declare under penalty of perjury that the foregoing is correct and true.**

Signed this 5th day of September, 2023.

_____
Plaintiff George Hendy, Pro Se
22B Arcadia Place
Vauxhall, New Jersey 07088
(347) 256-2309
georgelhendy@gmail.com